GLD-088                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3582
_____

GEORGE E. RAY,
                                                   Appellant

v.

FIRST NATIONAL BANK OF OMAHA; J.P. MORGAN CHASE
NATIONAL BANK; AND WELLS FARGO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-02845)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2011
Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed February 11, 2011)
_____

OPINION
_____

PER CURIAM

George Ray, proceeding pro se, appeals the District Court's order dismissing his

complaint.  Because the appeal does not present a substantial question, we will

summarily affirm.

I.

Ray, who was granted leave to proceed in forma pauperis, filed a complaint against First National Bank of Omaha, J.P. Morgan Chase National Bank, and Wells Fargo in 2009. He alleged that the Defendants violated the Patriot Act[1] and committed fraud on him and the Internal Revenue Service by classifying his accounts as "bad debts" and selling them to collection agencies. He sought $ 9 million in damages.[2]

The Defendants filed motions to dismiss to the complaint. Because Ray mailed his response to the motions directly to chambers, the District Judge issued an order directing the Clerk to docket the response. Ray appealed from that order. Consequently, the District Court issued an order denying the Defendants' motions without prejudice and directing the case to be transferred to the court's civil suspense docket pending the outcome of Ray's appeal. After this Court dismissed Ray's appeal for lack of jurisdiction, the District Court ordered that the case be transferred back to the active docket and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for "fail[ure] to state a claim on which relief may be granted."

---

[1] Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA Patriot Act) Act of 2001, Pub. L. No. 107-56, 115 Stat. 272 (2001).

[2] Ray previously filed a similar complaint against First National Bank of Omaha and Global Acceptance Credit Company, L.P., in which he alleged that he became unable to pay a debt to the bank because of a disabling injury, and the bank took a tax deduction for the amount of the "bad debt," thereby being "made whole," and then sold the debt to the collection agency. He contended that this sale of the account constituted fraud. See Complaint, Ray v. Bank of Omaha, et al., No. 08-cv-03222 (E.D. Pa. Jul. 16, 2008). The District Court dismissed the complaint for failure to state a claim, concluding that Ray

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal of the complaint for failure to state a claim, and we must accept as true the allegations of fact in Ray's complaint and all reasonable inferences drawn therefrom. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). If no substantial question is presented by this appeal, we may summarily affirm the District Court's order on any ground supported by the record. See 3d Cir. L.A.R. 27.4; IOP 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court discerned two claims in Ray's complaint: that (1) he and the Internal Revenue Service were defrauded by the Defendants' sale of his accounts to collection agencies after being "reimbursed by the I.R.S," see Complaint at 2, Ray v. First National Bank of Omaha, et al., No. 09-cv-02845 (E.D. Pa. June 29, 2009), and (2) the Defendants violated the Patriot Act by selling his personal data (birthdate, social security number, etc.) as part of the sale of the accounts. Even reading the complaint liberally, the District Court could not find either claim legally cognizable because Ray "provided almost no specific facts regarding the events that led him to file his Complaint." See Order, Ray v. First National Bank of Omaha, et al., No. 09-cv-02845 (E.D. Pa. Aug. 13, 2010).

We likewise fail to see anything more than blanket assertions of entitlement for relief, which are insufficient to sustain the complaint. A complaint must provide "enough

was not a party to the allegedly fraudulent sale and therefore was entitled to no remedy. See Order, Ray v. Bank of Omaha, et al., No. 08-cv-03222 (E.D. Pa. Aug. 19, 2008).

3

facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not necessary, a plaintiff 's obligation to provide the grounds upon which his claim rests "requires more than labels and conclusions." Id. at 555.

The deficiencies in Ray's complaint are many. For example, he asserts that the Defendants committed fraud on the Internal Revenue Service by taking a tax deduction for the bad debt, but does not connect this allegation to any elements of a cause of action. Twombly, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). Furthermore, he alleges no particularized injury to himself from the alleged fraud upon the Internal Revenue Service, nor does he otherwise identify how he may bring an action on behalf of the agency. See e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (one of the elements of constitutional standing to bring suit is a concrete injury personal to the plaintiff).

Ray's allegations also fail to suggest how the Defendants' sale of his debt accounts to collection agencies constitutes a fraud against him when he was not a party to the transaction. Without being able to ascertain from the complaint what theory of fraud Ray envisions, we simply note that he does not allege that the Defendants made any misrepresentation to him, that he relied on it to his detriment, or that he personally was injured by their conduct. See, e.g., EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 275-76 (3d Cir. 2010) (setting forth elements of fraudulent inducement under Pennsylvania law). As for his assertion that the sale violated the Patriot Act, Ray does not identify what section of the act was violated or explain how he may bring a private

4

action to enforce it. Furthermore, courts that have considered the question have concluded that the Patriot Act does not provide for a private right of action for its enforcement. See, e.g., Hanninen v. Fedoravitch, 583 F. Supp. 2d 322, 326 (D. Conn. 2008); Med. Supply Chain, Inc. v. Neoforma, Inc., 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006). Accordingly, we agree that Ray's complaint does not state a claim on which relief may be granted.[3]

A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). As it appears that amendment would be futile, for the reasons expressed in the previous paragraph, we conclude that the District Court did not err by declining to afford Ray leave to amend.

There being no substantial question presented by Ray's appeal, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; IOP 10.6. We deny Ray's motion to compel an answer.

---

[3] In his written submission on appeal, Ray does not address the District Court's order other than to say the court "disregarded" the facts he presented. He perhaps misunderstands the court's decision: the few facts in the complaint were considered and found insufficient. Ray also argues that he was entitled to a default judgment before the dismissal because the Defendants did not answer his complaint. He was not. First, Ray did not request that a default be entered. See Fed. R. Civ. P. 55(a). Second, the manner in which the case proceeded did not require the Defendants to file an answer before the complaint was dismissed.